ELLA WADE, an INFANT, BY HER GUARDIAN, RESPONDENT, v. EDWARD MALLOY, APPELLANT.

*Tenant for life—liability of, for failure to pay interest on incumbrances, and taxes.*

Where a tenant for life of certain land willfully neglects to pay the interest accru-
ing upon a mortgage thereon, to the end that the same may be foreclosed and
the land sold, and such sale is accordingly had, an action lies against the ten-
ant for life by the remainderman to recover the damages he has sustained by
reason of such neglect.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee. The action was brought by the plaintiff to recover damages sustained by the failure of the defendant, a tenant by the curtesy of certain land, of which the plaintiff owned the estate in remainder, to keep down the interest on a mortgage existing thereon.

The referee found, among other things, that Mary A. Malloy was, on the 18th day of July, 1867, the owner in fee of the premises described in the complaint; that she died July 18, 1867,

intestate, leaving her surviving the defendant, Edward Malloy, her husband, and her father, William W. Wade, her only heir-at-law; that the said William W. Wade, on the 29th day of November, 1867, conveyed the said premises to the plaintiff; that at the time of the death of said Mary A. Malloy there was a building upon the said premises as described in the complaint, which still continued; that the defendant on the 18th day of July, 1867, entered into the possession of said premises as tenant by the curtesey, and continued in such possession, and received the rents, issues and profits thereof until the 20th day of December, 1877; that on the 20th day of December, 1877, the said premises were worth $4,000; the rental value of the said premises was $420 per annum; that at the time of the death of the said Mary A. Malloy there was a mortgage upon said premises given to secure the payment of $1,500, and interest, held by Calvin Burr; that the interest on the said mortgage was payable half yearly; that the said defendant neglected to pay said interest, as it accrued after May 2, 1868; and the annual taxes which accrued after that date, that his purpose in neglecting to pay said taxes and interest was to accumulate large incumbrances upon said premises, so that on a foreclosure and sale thereof, the amount of the principal and interest on the mortgage, with arrears of taxes, should be more than said premises should sell for, and the plaintiff would be deprived of her interest in said premises; that thereafter the said Calvin Burr commenced an action for the foreclosure of the said mortgage, and on the 20th day of November, 1876, obtained a judgment of foreclosure and sale of said premises; that on the 20th day of December, 1877, the said premises were sold to said Calvin Burr, who afterward, at the request of defendant, conveyed said premises to defendant's present wife; that at the time of said sale there was due to said Calvin Burr, for principal and interest on said mortgage, $2,371.38, and there were unpaid taxes and assessments upon said premises, all of which accrued subsequent to the death of said Mary A. Malloy, $1,017.98; that after the death of said Mary A. Malloy there were assessments charged against said premises, and remaining unpaid at the date of sale aforesaid, amounting, with interest, to $142.85; that the proceeds of said sale did not amount to suffi-

cient to pay the said mortgage debt and interest, and taxes thereon, whereby the plaintiff has entirely lost her interest in said property; and that said loss was owing to the aforesaid negligence of the defendant in not keeping down the aforesaid semi-annual interest and taxes.

*O. J. Wells*, for the appellant.

*Morris & Pearsall*, for the respondent. The defendant, as life-tenant of this property, was bound to keep down charges and preserve the estate from loss and forfeiture, by paying interest on mortgage, taxes, etc. (Gerard's Titles to Real Property, 153, 154, 155; 1 Story's Eq. Jur., 517, § 488; 1 Washburn on Real Property, 94, § 25.) It is well settled, that where there is an estate for life and a remainder in fee, and there exists an incumbrance binding the whole estate in the lands, the tenant for life is bound to pay the interest and taxes accruing during the continuance of his estate. (*Mosely* v. *Marshall*, 22 N. Y., 202; *House* v. *House*, 10 Paige, 158; 4 Kent's Com., 74; *Swaine* v. *Perine*, 5 Johns. Chy., 482; *Stilwell* v. *Doherty*, 2 Bradf., 311; *Graham* v. *Dunnigan*, 2 Bosw., 516; *Fleet* v. *Dorland*, 11 How., 489; *Sheldon* v. *Ferris*, 45 Barb., 124.)

DYKMAN, J.:

The plaintiff was the owner in fee of certain land subject to the life estate of the defendant, who was in the occupation and enjoyment of it. There was a mortgage on the land upon which the defendant paid the interest for a number of years, but finally willfully neglected to pay it, to the end that the property might be sold under the mortgage, which was done. The plaintiff now brings this action to recover the damages she has sustained, and founds it upon the neglect of the defendant to keep down the interest on the mortgage, by reason of which the property is lost to her. It is a general rule of law applicable to this case, that where there is an incumbrance upon the whole land, and there is an estate in the land for life, and a remainder in fee, the life-tenant is bound to pay the interest on the incumbrance during the continuance of his estate. (4 Kent's Com., 74.) In this case there

were no equities existing between the parties preventing the appli-
cation of this general rule of law, and it was a duty the defendant
owed to the plaintiff to keep down the interest on the mortgage,
as he was under obligations to her to commit and permit no waste
upon the premises. These duties were imposed upon him by
operation of law in the relation he sustained towards the plaintiff.
He was bound to see to it that he was not guilty of waste, either
voluntary or permissive, and he was also bound to take proper
care to prevent deterioration and decay. (Gerard's Titles, 154, and
cases cited.) If he was guilty of any of these forbidden acts, he
rendered himself liable to respond in damages. Waste is the
disherison of the remainderman or reversioner. (*Livingston* v.
*Reynolds*, 26 Wend., 122.) Disherison is defined to be disinher-
iting, a depriving or putting out of an inheritance (Burrill's Law
Dictionary), and the old writ of waste called upon the tenant to
appear and show cause why he had committed waste and destruc-
tion in the place named, to the disherison of the plaintiff. (3
Black. Com., 228.) It thus appears that any act or omission of
the tenant which deprives the person in remainder or reversion of
the inheritance is waste.

The instances of permissive waste, usually given in the books,
relate to the permanent destruction of the substance of the prop-
erty by neglect or wantonness, and the question is, whether the
plaintiff can maintain this action for the wrongs of which he com-
plains. The defendant has deprived the plaintiff of the inherit-
ance of this property by intentionally omitting a duty which, as
between him and her, the law had imposed upon him. The action
of waste, as a technical one, is abolished with us, and wrongs here-
tofore remediable by that action are subjects of action as other
wrongs. (Code of Procedure, § 450.) There can, therefore, be
no objection to the form of this action. One thing is certain,
the defendant by his neglect has caused the disherison of
the plaintiff. True, he has not done so by any of the
acts or omissions usually named in the books as instances
of waste. But is that important? Is it material by what
act or omission the destruction of the inheritance is brought
about? The result is what causes the injury and damage, and
not the mode or manner of its accomplishment. The defend-

ant has been guilty of a great wrong towards the plaintiff, much akin to permissive waste, and the result has been the entire loss of her interest in the property. She ought to have a remedy, and the fact that there may be no precise precedent for such an action as this should be no obstacle in her way, for it is one of the chief beauties of our system of jurisprudence that it is flexible, and opens to take in all meritorious cases and give a remedy. The complainant sets out the facts and asks for damages for the wrong. The proofs are before us, and we can see she ought to recover, and there is no obstacle in the way of the administration of justice in this case. The referee was right in permitting a recovery by the plaintiff, and the judgment must be affirmed, with costs.

BARNARD, P. J., and GILBERT, J., concurred.

Judgment affirmed, with costs.